# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Russell Martin,

               Plaintiff,

    v.

Robert Moos, et al.,

               Defendants.

Case No. 2:25-cv-00636-APG-BNW

**ORDER**

Plaintiff filed a complaint and moves to proceed *in forma pauperis*. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a)(2) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant his request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint (ECF No. 1-1).

## I.   DISCUSSION

### A.  Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id*. Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

1

           **B. Screening the Complaint**

2            Plaintiff's complaint violates Rule 8. ECF No. 1-1. Under Federal Rule of Civil Procedure

3    8, a complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is

4    entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct."

5    Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each

6    limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim

7    founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

8            Plaintiff's complaint is 201 pages and does not include exhibits. ECF No. 1-1. This is far

9    from the "short, "plain," "simple," "concise," and "direct" pleading requirements. Plaintiff names

10   at least 23 defendants and lists many causes of action, often 5 to 20+ claims and subclaims,

11   against each defendant. *Id.* Plaintiff does not state his claims in numbered paragraphs nor does he

12   limit each paragraph to a single set of circumstances. *Id.* Plaintiff does not separate his causes of

13   action by occurrence. *Id.* He often repeats the same claims and facts. *Id.* Even liberally construing

14   the complaint, this Court is unable to evaluate whether Plaintiff states any claims for relief.

15          Therefore, this Court dismisses Plaintiff's complaint with leave to amend to file a more

16   manageable complaint. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (holding that the Supreme

17   Court "has long recognized that a district court possesses inherent powers that are 'governed not

18   by rule or statute but by the control necessarily vested in courts to manage their own affairs so as

19   to achieve the orderly and expeditious disposition of cases.'"). Indeed, other courts in the Ninth

20   Circuit have dismissed pro se complaints with leave to amend for being too long in light of the

21   types of claims raised. *Thomas v. Bick*, No. 2:16-CV-1425-TLNCKDP, 2016 WL 4553536 (E.D.

22   Cal. Sept. 1, 2016) (dismissing 45-page complaint with leave to amend); *see also Knapp v. Cate*,

23   No. 1:08-CV-01779-SKO PC, 2010 WL 3521871 (E.D. Cal. Sept. 8, 2010), *on reconsideration in*

24   *part*, No. 1:08-CV-01779-SKO PC, 2011 WL 666763 (E.D. Cal. Feb. 14, 2011) (dismissing 66-

25   page complaint with leave to amend). This Court has similarly found that a 68-page complaint

26   was too long. *Bradford v. Sisolak*, No. 2:20-CV-00871-APG-BNW, 2021 WL 1969438 (D. Nev.

27   May 14, 2021).

28

Here, Plaintiff's 201-page complaint is much longer than the complaints this Court and others have dismissed. Additionally, Plaintiff's complaint is repetitive, and, even considering the types of claims raised, it is far too lengthy. This Court dismisses Plaintiff's complaint with leave to amend. Should Plaintiff choose to amend, he must carefully read the instructions below.

### C.  Leave to Amend Instructions

First, Plaintiff's amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. As discussed above, the Federal Rules require this. **Plaintiff should strive not to exceed 20 pages.**

Second, the amended complaint must be organized by causes of action. Plaintiff should number each cause of action and state which defendants the cause of action is against. For example, "First Cause of Action: Malicious Prosecution under 42 U.S.C. § 1983, against Defendants Moos and Villanueva".[1] Under each cause of action, Plaintiff should state the facts that support this claim. The facts should be numbered by paragraph. *See* Fed. R. Civ. P. 8. Plaintiff should *not* list "subclaims". Each cause of action, claim, or "subclaim" should be listed separately.

Third, this Court has identified the following issues with the complaint:

- Plaintiff improperly joins defendants. *See* Fed. R. Civ. P. 20. Plaintiff joins approximately 23 defendants, including Las Vegas Athletic Club, Nevada State Bar Association, government officials, judges, attorneys, and police officers. ECF No. 1-1. Under Rule 20, "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). "The same transaction requirement of Rule 20 refers to similarity in the factual background of

---

[1] This is an example only and *not* a suggestion of what claims Plaintiff should bring against which defendants.

a claim; claims that arise out of a systematic pattern of events and have a very definite logical relationship." *Davies v. Reynoso*, No. 2:24-CV-0485-DJC-DMC-P, 2024 WL 3378996, at *3 (E.D. Cal. July 11, 2024) (cleaned up). Put differently, Plaintiff may only join defendants when the claims against them arise out of the same facts and have a very definite relationship. For example, Plaintiff's claims against Las Vegas Athletic Club do not appear to have a very definite relationship with the named public defenders or judges. Plaintiff should think critically about whether all defendants may be sued in one action, or whether Plaintiff needs to file separate lawsuits.

- Plaintiff may not sue defendants—namely judges, prosecuting attorneys, and defense attorneys—who are immune from suit. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123–25 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993). Judges functioning in their official capacity generally are entitled to absolute immunity from suit. *Brown v. California Dep't of Corr.*, 554 F.3d 747, 750 (9th Cir. 2009). Defense attorneys are immune from § 1983 claims when performing a lawyer's traditional functions. *See Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981).

- Plaintiff cannot allege claims under criminal statutes. Plaintiff impermissibly asserts claims under the following criminal statutes: 18 U.S.C. § 1951 (Hobbs Act), 18 U.S.C. § 1503, 1512–15 (Obstruction of Justice, Witness/Evidence Tampering), 18 U.S.C. § 1961–63 (Criminal RICO Act), 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law), 18 U.S.C. § 3 (Accessory after the fact), 18 U.S.C. § 1346 (Honest Services Fraud), 18 U.S.C. § 1341 (Mail Fraud), 18 U.S.C. § 1343 (Fraud by Wire, Radio, or Television), 18 U.S.C. § 371 (Conspiracy), and other allegations of "criminal misconduct". ECF No. 1-1. Criminal statutes do not confer a private cause of action unless Congress specifies that it intends to create one. *See Cannon v. Univ. of Chicago*, 441 U.S. 677, 717–

18 (1979) (Rehnquist, J., concurring); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). There is no evidence of legislative intent to create a private cause of action relating to these criminal statutes.

- Each cause of action must be clearly stated and grounded in law. For example, the blue wall of silence (code of silence) is *not* a cause of action.

To be clear, the above bullet points are issues the Court observed upon first glance. Plaintiff's complaint may contain additional issues that this Court has not identified.

Lastly, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete without reference to the prior complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff may permissibly pursue in this lawsuit.

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

1

**II.    CONCLUSION**

2        **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

3    *pauperis* (ECF No. 1) is **GRANTED**.

4        **IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is dismissed

5    without prejudice and with leave to amend.

6        **IT IS FURTHER ORDERED that the Clerk of Court detach and file the complaint**

7    **at ECF No. 1-1 on the docket.**

8        **IT IS FURTHER ORDERED** that if Plaintiff chooses to amend his complaint, he must

9    do so by May 14, 2025. If Plaintiff chooses not to amend his complaint by that deadline, this

10    Court may recommend that his case be dismissed.

11

12        DATED: April 14, 2025

13

14        _____

15        BRENDA WEKSLER
          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28