**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Russell Martin,

Plaintiff,

v.

Robert Moos, et al.,

Defendants.

Case No. 2:25-cv-00636-APG-BNW

**ORDER**

Pro se Plaintiff filed a complaint and moved to proceed *in forma pauperis.* ECF No. 1. This Court granted Plaintiff's request to proceed *in forma pauperis* and screened the original complaint. ECF No. 3. This Court dismissed Plaintiff's complaint without prejudice and granted leave for Plaintiff to file an amended complaint. *Id.* Pro se Plaintiff filed his amended complaint by the deadline. ECF No. 5. This Court now screens his first amended complaint.

## I. Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Screening the complaint**

Plaintiff's first amended complaint violates Rule 8. ECF No. 5. Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Plaintiff's first amended complaint is 62 pages excluding exhibits. ECF No. 5. This is far from the "short, "plain," "simple," "concise," and "direct" pleading requirements. Plaintiff names at least 18 Defendants as well as groups of unnamed Defendants. *Id.* He lists many causes of action, between 5 and 13 claims and subclaims, against each Defendant. *Id.* Plaintiff does not limit each paragraph to a single set of circumstances, and he often repeats the same claims and facts. *Id.* While this Court acknowledges that Plaintiff's first amended complaint is more concise and organized than the original complaint, even liberally construing the complaint, this Court is unable to evaluate whether Plaintiff states any claims for relief.

Although Plaintiff's first amended complaint is an improvement from his 201-page original complaint, a 62-page complaint is still too long. Other courts in the Ninth Circuit have dismissed pro se complaints with leave to amend for being too long in light of the types of claims

raised. *Thomas v. Bick*, No. 2:16-CV-1425-TLNCKDP, 2016 WL 4553536 (E.D. Cal. Sept. 1, 2016) (dismissing 45-page complaint with leave to amend); *see also Knapp v. Cate*, No. 1:08-CV-01779-SKO PC, 2010 WL 3521871 (E.D. Cal. Sept. 8, 2010), on reconsideration in part, No. 1:08-CV-01779-SKO PC, 2011 WL 666763 (E.D. Cal. Feb. 14, 2011) (dismissing 66 page complaint with leave to amend). This Court has similarly found that a 68-page complaint, only 6 pages longer than Plaintiff's, was too long. *Bradford v. Sisolak*, No. 2:20-CV-00871-APG-BNW, 2021 WL 1969438 (D. Nev. May 14, 2021).

Accordingly, this Court dismisses Plaintiff's complaint with leave to amend to file a more manageable complaint. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (holding that the Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"). Should Plaintiff choose to amend, he must carefully read the instructions below.

## III. Instructions for Amendment

First, Plaintiff's amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. As discussed above, the Federal Rules require this. **Plaintiff should strive not to exceed 20 pages.**

Second, the amended complaint must be organized by causes of action. Plaintiff should number each cause of action and state which defendants the cause of action is against. For example, "First Cause of Action: Malicious Prosecution under 42 U.S.C. § 1983, against Defendants Moos and Villanueva".[1] Under each cause of action, Plaintiff should state the facts that support this claim. The facts should be numbered by paragraph. See Fed. R. Civ. P. 8. Plaintiff should not list "subclaims". Each cause of action, claim, or "subclaim" should be listed separately.

Third, this Court has identified the following issues with the complaint:

[1] This is an example only and not a suggestion of what claims Plaintiff should bring against which defendants.

- Plaintiff may not sue defendants—namely judges, prosecuting attorneys, and defense attorneys—who are immune from suit. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123–25 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993). Judges functioning in their official capacity generally are entitled to absolute immunity from suit. *Brown v. California Dep't of Corr.*, 554 F.3d 747, 750 (9th Cir. 2009). Defense attorneys are immune from § 1983 claims when performing a lawyer's traditional functions. *See Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981).
- Plaintiff cannot allege claims under criminal statutes. Plaintiff impermissibly asserts claims under the following criminal statutes: 18 U.S.C. § 1951 (Hobbs Act), 18 U.S.C. § 1503, 1512–15 (Obstruction of Justice, Witness/Evidence Tampering), 18 U.S.C. § 1961–63 (Criminal RICO Act), 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law), 18 U.S.C. § 3 (Accessory after the fact), 18 U.S.C. § 1346 (Honest Services Fraud), 18 U.S.C. § 1341 (Mail Fraud), 18 U.S.C. § 1343 (Fraud by Wire, Radio, or Television), 18 U.S.C. § 371 (Conspiracy)[2], Nev. Rev. Stat. 200.5092 (Elder Abuse), and other allegations of "criminal misconduct". ECF No. 5. Criminal statutes do not confer a private cause of action unless Congress specifies that it intends to create one. *See Cannon v. Univ. of Chicago*, 441 U.S. 677, 717–18 (1979) (Rehnquist, J., concurring); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). There is no evidence of legislative intent to create a private cause of action relating to these criminal statutes.
- Each cause of action must be clearly stated and grounded in law. For example, the blue wall of silence (code of silence) is not a cause of action.

---

[2] Plaintiff cites to 18 U.S.C. § 1962(d) for his conspiracy subclaim. This section is part of the Criminal RICO Act.

The above bullet points are issues this Court observed upon first glance. Plaintiff's complaint may contain additional issues that this Court has not identified.

Lastly, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete without reference to the prior complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff may permissibly pursue in this lawsuit.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's first amended complaint (ECF No. 5) is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to amend his complaint, he must do so by November 9, 2026. If Plaintiff does not to file a second amended complaint by that deadline, this Court may recommend that his case be dismissed.

DATED: October 9, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE